IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30905
Summary Calendar

_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

BRYAN A THOMAS, SR, also known as Bryan A Thomas

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 00-CR-287-1-T
--------------------
March 11, 2002

Before KING, Chief Judge, and HIGGINBOTHAM and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

Bryan A. Thomas, Sr., appeals from his guilty-plea

conviction and sentence for wire fraud and money laundering in

violation of 18 U.S.C. §§ 1343 and 1956(a)(1)(A)(i).  Thomas

argues that 1) his original plea agreement, in which he agreed to

plead guilty only to wire fraud, should have been enforced; 2)

his trial counsel was ineffective for failing to advise him that

his original plea agreement could be enforced and instead

_____

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

advising him to agree to a second plea agreement; and 3) the district court erred in calculating his sentence.

Thomas executed the second plea agreement after the Government withdrew the first plea agreement prior to Thomas entering a plea or being indicted.  Under the facts of this case, we conclude that the Government was able to withdraw the first plea agreement prior to its acceptance by the district court. See United States v. Ocanas, 628 F.2d 353, 358 (5th Cir. 1980). We further conclude that Thomas breached the first plea agreement, which also justified the Government's withdrawal.  See United States v. Ballis, 28 F.3d 1399, 1409 (5th Cir. 1994). In light of these conclusions, Thomas's counsel was not ineffective.  Thomas's plea agreement contained a valid waiver of his statutory appellate rights.  We conclude that Thomas's waiver was entered knowingly and voluntarily, and we therefore refuse to consider Thomas's other arguments.  See United States v. Melancon, 972 F.2d 566, 567 (5th Cir. 1992).

The district court's judgment is AFFIRMED.